**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RSA-TUMON, LLC,<br><br>         Plaintiff,<br><br>   vs.<br><br>PITT COUNTY MEMORIAL HOSPITAL,<br>INC., and SHERIF ANTOUN PHILIPS,<br><br>         Defendants. | Superior Court Case No: CV0453-20<br><br><br>**DECISION AND ORDER RE: MOTION<br>TO DISMISS COUNTERCLAIMS** |

The Court here reviews whether to dismiss any of Defendant Sherif Antoun Philips, M.D.'s counterclaims against Plaintiffs RSA-Tumon, LLC. Upon reviewing the pleadings, the record, and the parties' arguments, the Court determines that Dr. Philips has stated a claim for an accounting but has not stated claims for fraud, harassment, or anti-trust violations. RSA-Tumon's motion is therefore GRANTED IN PART and DENIED IN PART.

## I.   PROCEDURAL BACKGROUND

In a related action, Pitt County Memorial Hospital ("PCMH") obtained a Judgment for $457,335.70 plus post-judgment interest. CV0478-18 (Judgment (Jan. 24, 2019)). Following that Judgment, PCMH tried to levy on Dr. Philips' personal property, including on an interest he has in RSA-Tumon. CV0478-18 (Not. Levy Personal Prop. (Oct. 25, 2019)).

Plaintiff RSA-Tumon then filed this interpleader action against Dr. Philips and PCMH, seeking to deposit with the Court any sums owed to Dr. Philips. Compl. Interpleader (July 7, 2020). After a removal to and then a remand from the federal court, and then denials of Dr. Philips' motions to dismiss this case, Dr. Philips filed an "Answer-Denial Complaint & Counterclaims."

# ORIGINAL

At the beginning of his pleading, Dr. Philips states: "**Defendant denies all plaintiff allegation and going to file for *Counterclaim - Accounting-Anti Trust, Fraud, Harassment and legal fees*.**" Answer at 1 (Jan. 12, 2022). He then discusses jurisdictional issues,[1] and complains about the Court's rulings in CV0478-18 and the District Court's ruling. Next, he states:

*Fraud*

*(A)    Without defendant's Knowledge, Plaintiff tried to enforce interpleader, It was discussed as side talk between local lawyers (Pitt County - RSA ).*

*When defendant asked for the hearing transcript wasn't available!!*

(B)    Fraudulent allegation about this motion {the interpleader} is not consolidate, Look for the Notice of Appeal at the 9th Circuit (*All of the related appeals include it )*

(C)    RSA-Tumon wasn't LLC Corporation- it just a name under Ownership of Fresenius Kidney Care (*Share Holders Company ) Where defendant hasn't any shares.*

(D)    False Information about RSA -Tumon, First it was Delaware limited company ( original claims) when defendant asked for transfer to the Federal Court all of the sudden it became Guam base company.

(E)    Holding defendant dividend for almost 2 years without any apparent reason Plaintiff local lawyer had poor knowledge about Functus Officio Doctrine and Rooker-Feldman Doctrines .The first motion of dismissal and first memorandum of law for motion to dismiss was *Denied no on the Merit( Abuse of Discretion )*

*Why lack of Jurisdiction applied ONLY to Plaintiff!!*

Answer at 3-4.

RSA-Tumon now moves to dismiss these counterclaims on the grounds of failure to state a claim, and with regard to the fraud claim, failure to plead with particularity.

---

[1] The Court has denied dismissal of RSA-Tumon's complaint and confirmed personal jurisdiction over Dr. Philips. Order Denying Rule 62 & Mot. Dismiss, Set Aside J. and Req. Legal Fees and Cost (Aug. 6, 2021); Dec. and Order Re: Rule 62 First Mem. Law for Mot. and Dismiss (Feb. 15, 2022). Dr. Philips appealed the Court's Decision and Order. Not. Appeal (Feb. 28, 2022).

ORIGINAL

## II. LAW AND DISCUSSION

### A. The standard for dismissing a claim.

A pleading may be dismissed for failing a state a claim upon which relief can be granted. GRCP 12(b)(6). A complainant must state a fraud claim with particularity. GRCP 9(b). By contrast, other types of claims only require a short and plain statement of the claim. GRCP 8(a); *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 13. Pleading with particularity means providing notice of the particular (fraudulent) misconduct so that the opposing party can defend against the charge and "not just deny that they have done anything wrong." *Taitano*, 2008 Guam 12 ¶ 14. However, a plaintiff need not prove fraud at the pleadings stage. *Id.* ¶ 16. "Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.*

### B. Dr. Philips has not alleged fraud with particularity.

The Court examines Dr. Philips' entire pleading to determine whether he has pled fraud with particularity. Because remarks about jurisdiction and the procedural history do not constitute claims for relief, the Court construes the statements following "*Fraud*" to constitute potentially his fraud counterclaim. The Court reviews any statements that indicate some allegation of wrongdoing to determine if they have been pled with particularity.

On the statement that RSA-Tumon is not an LLC but rather "just a name under Ownership of Fresenius Kidney Care," it is unclear to the Court what this means and whether it is an allegation that RSA-Tumon committed misconduct. If this is the basis of a fraud claim, Dr. Philips must furnish more particular allegations to establish the connection between RSA-Tumon and Fresenius Kidney Care and more information regarding alleged fraudulent conduct.

Second, Dr. Philips appears to complain that RSA-Tumon claimed to be a Delaware company in federal court, whereas it now claims to be a Guam-based company. Dr. Philips also

ORIGINAL

complains of unfair treatment on the issue of jurisdiction. The Court construes these statements collectively to complain about RSA-Tumon making misrepresentations which led to the finding by the federal court that it lacked diversity jurisdiction.

This Court's February 15, 2022 Decision and Order has already addressed Dr. Philips' complaints about personal jurisdiction following the District Court of Guam's remand. To again summarize the federal court's decision that it lacked diversity jurisdiction, that court first examined the parties' allegations of domicile and citizenship. RSA-Tumon alleges that it is a Delaware LLC registered to do business in Guam. *See* Compl. Interpleader ¶ 1. Because federal caselaw holds that an LLC is a citizen of every state of which its owners/members are citizens, and because Dr. Philips owns a membership interest in RSA-Tumon, the court concluded that RSA-Tumon "is a citizen of whatever state Dr. Philips is a citizen." *RSA-Tumon, LLC v. Pitt Cty. Mem. Hosp., et al.,* D. Guam Civ. Case No. 20-00025 (Order Granting Mot Remand at 3 (Mar. 30, 2021)). As both RSA-Tumon and Dr. Philips are citizens of Guam, the federal court found that it lacked diversity jurisdiction. *Id.* at 4.

Given the context of the federal court's rulings as well as the pleadings in this case, Dr. Philips has not alleged a claim for fraud with the requisite particularity. Because the Ninth Circuit examined where Dr. Philips resided--rather than where RSA-Tumon was registered or based--Dr. Philips could not have proven diversity jurisdiction in federal court. As long as Dr. Philips was alleged to be a member of RSA-Tumon, he could not have achieved diverse citizenship from the LLC. In other words, Dr. Philips cannot sustain a claim of fraud against RSA-Tumon for allegedly misrepresenting its citizenship because it will always be a citizen in the same place as Dr. Philips, thereby defeating any attempt to achieve diversity jurisdiction.

ORIGINAL

### C. Dr. Philips has stated a cause of action for an accounting.

In his opposition to the Motion to Dismiss, under his discussion about his accounting counterclaim, Dr. Philips reiterates his allegation that RSA-Tumon has withheld dividends for two years. Reply Brief at 6 (Feb. 25, 2022). Because this is not the type of allegation that requires pleading with particularity, the Court examines whether Dr. Philips has furnished a short and plain statement supporting a claim.

RSA-Tumon brings this case under Guam's interpleader statute, which states: "whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves." 7 GCA § 12114. Further, RSA-Tumon claims that it may have "income, distributions or dividends . . . owed to Dr. Philips as a result of the Membership Interest." Compl. Interpleader ¶ 13. Dr. Philips' request for an accounting appears to be in line with the nature of this interpleader case. RSA-Tumon alleges that it may have income, distributions, or dividends belonging to him and seeks to deposit such property with the Court; Dr. Philips seeks an accounting of those funds and, accordingly, has stated a claim for such an accounting.

Lastly, RSA-Tumon correctly notes that Dr. Philips' Answer appears to indicate a counterclaim for "Accounting-Anti-Trust," and complains that it is not aware of such a claim *See* Answer at 1. Dr. Philips in actuality, stated, "Accounting-Anti Trust, Fraud, Harassment and legal fees." Answer at 1. Given that the term "anti-trust" appears nowhere else in his Answer or in his Reply Brief and that Dr. Philips instead has focused on seeking an accounting for unpaid dividends for the past two years, the Court does not construe his accounting claim as an "Accounting-Anti Trust" claim. Moreover, there appear to be no allegations supporting an

ORIGINAL

antitrust case. For that reason, the Court finds that Dr. Philips has sufficiently asserted a request for an accounting, and nothing more.

### D. Dr. Philips has not stated a harassment claim.

Another item in Dr. Philips' list of counterclaims is "harassment." RSA-Tumon contends that Guam law does not support a civil claim for harassment. Setting aside whether such a claim exists, the Court finds that Dr. Philips has not alleged any facts that indicate any sort of harassment upon him by RSA-Tumon. "Harassment" is defined as "Words, conduct or action (usu. repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose; purposeful vexation." HARASSMENT, Black's Law Dictionary (11th ed. 2019). There are no allegations in Dr. Philips' counterclaim which approach this type of conduct as defined. Therefore, the Court finds that Dr. Philips has failed to state a claim for harassment.

## III.     CONCLUSION AND ORDER

Dr. Philips fails to plead fraud with particularity and fails to make a short, plain statement to support a counterclaim for harassment. Those claims, along with an unexplained claim for an antitrust violation are DISMISSED. However, his claim for an accounting has been adequately pled. Accordingly, RSA-Tumon's motion is GRANTED IN PART and DENIED IN PART.

SO ORDERED this 25th day of March 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
William B. Brennan, Esq., Arriola Law Firm, for Plaintiff RSA-Tumon, LLC
Daniel J. Berman, Esq., Berman Law Firm, for Defendant Pitt County Memorial Hospital Incorporated
Sherif Antoun Phillips M.D., self-represented Defendant

**ORIGINAL**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
*Arriola, Berman, S. Phillips*
Date: 3-25-22 Time: 4:17pm
*[signature]*
Deputy Clerk, Superior Court of Guam